## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) |
| v. | ) ) 2:18-cr-00143-JDL |
| MELQUAN JORDAN and | ) ) |
| EDWARD CANTY, III, | ) ) |
| Defendants. | ) |

## ORDER DENYING DEFENDANTS'
## JOINT MOTION TO DISMISS THE INDICTMENT

On the eve of their jury trial, Melquan Jordan and Edward Canty III filed a joint motion to dismiss the second superseding indictment contending that the indictment's single count is duplicitous because it impermissibly "compresse[s] two offenses within the one count." ECF No. 259 at 2. "A count is duplicitous when it charges more than one offense in a single count." *United States v. Valerio*, 48 F.3d 58, 63 (1st Cir. 1995) (emphasis omitted); *see also* Fed. R. Crim. P. 8(a) ("The indictment or information may charge a defendant *in separate counts* with 2 or more offenses . . . ." (emphasis added)); Fed. R. Crim. P. 12(b)(3)(B)(i).

The second superseding indictment alleges that Jordan, Canty, and others "conspired . . . to distribute and possess with intent to distribute controlled substances." ECF No. 200 at 1. Jordan and Canty note that the statute defining the underlying crimes of the conspiracy makes it unlawful to knowingly or intentionally "manufacture, distribute, or dispense, *or* possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C.A § 841(a)(1) (West 2019)

(emphasis added). Jordan and Canty maintain that the use of the disjunctive "or" in the statute makes distribution one offense, and possession with intent to distribute a separate offense. Thus, they contend that an indictment alleging a conspiracy to commit both offenses effectively alleges two conspiracies, which must be charged in separate counts. But this contention is contrary to settled law.

"It has been clear since the Supreme Court's decision in *Braverman v. United States*, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942), that '[t]he allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for the conspiracy is the crime, and that is one [offense], however diverse its objects.'" *United States v. Nelson-Rodriguez*, 319 F.3d 12, 31 (1st Cir. 2003) (quoting *Braverman*, 317 U.S. at 54). Accordingly, in *Nelson-Rodriguez*, the First Circuit found that a count involving the planned importations of multiple drugs was not duplicitous because "[e]ach of th[o]se acts was part of a single conspiracy, and the jury instructions made clear that the jury must find as much." *Id.* And, in *United States v. Szpyt*, the court denied a motion to dismiss an indictment based on a conspiracy count nearly identical to the one here, reasoning that "[i]n effect, [the defendants] ask the Court to determine factual issues typically reserved for the jury." 584 F. Supp. 2d 268, 270–71 (D. Me. 2008) (collecting cases).

Here, the indictment provided Jordan and Canty with fair notice that they were charged with a single count of conspiracy, and that the object of that conspiracy involved the distribution of controlled substances and the possession with the intent to distribute controlled substances. Because the indictment was sufficient to permit

Jordan and Canty to "prepare a defense and plead double jeopardy in any future prosecution for the same offense," *United States v. Guerrier*, 669 F.3d 1, 3 (1st Cir. 2011), it satisfied their Sixth Amendment right to be informed of the nature and cause of the accusation. *See* U.S. Const. amend. VI. For these reasons, Jordan and Canty's joint motion to dismiss the indictment (ECF No. 259) is **DENIED.**

**SO ORDERED.**

**Dated this 5th day of November, 2019.**

                                          /s/ **JON D. LEVY**
                                **CHIEF U.S. DISTRICT JUDGE**